### MORTIMER LIVINGSTON, et. al., vs. GEORGE S. HICKS.

A declaration in ejectment served with the *ordinary notice to plead in twenty days,* after service is not sufficient. The statute must be strictly complied with in commencing actions of ejectment.

The irregularity being a matter of substance, the objection of laches (one term having passed) will not lie.

*Motion by defendant to set aside default and subsequent proceedings in action of ejectment, for irregularity.*—This motion was made upon the ground that *no rule* to plead was entered *or notice served* that declaration would be filed, on a particular day in term and rule entered.

The notice endorsed on the declaration was the usual notice to plead in twenty days, after service, &c.

    T. SMITH, *Defts Counsel.*    SMITH AND TAYLOR, *Defts Attys.*

    A. TABER, *Plffs Counsel.*    A. WAGER, *Plffs Atty.*

Plaintiffs' counsel insisted that as the party had notice of the irregularity on the papers when declaration was served, April 5, 1845, he had been guilty of laches in not making his motion at June Special Term.

BEARDSLEY, Justice.—The statute prescribes the mode of commencing actions of ejectment, which has not been complied with. The defendant was not bound to presume plaintiffs would go on and take judgment. The proceedings were clearly irregular and must be set aside with costs.

    Rule accordingly.